UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON LAMONT KILLEBREW, **Plaintiff,**

v. Civil Action No. 3:19-cv-P541-DJH

LOUISVILLE METRO DEPARTMENT
OF CORRECTIONS *et al*., **Defendants.**

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Jason Lamont Killebrew filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 proceeding *in forma pauperis*. By prior Memorandum and Order (Docket No. 32), the Court ordered Plaintiff to file a fourth amended complaint. Plaintiff complied, and his fourth amended complaint (DN 45) is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated herein, the Court will dismiss the action.

## I.

Plaintiff is an inmate at the Louisville Metro Department of Corrections (LMDC). Plaintiff names the following LMDC personnel as Defendants: Officer Young; Officer Bland; Sgt. Clark; Sgt. Buran; and Officer Gibson. He sues each Defendant in his or her individual and official capacities. Plaintiff states as follows:

> Sgt. Clark & Sgt. Buran Sort officers has complaints of the new and updated use of force & healthcare condition after incidents concerns. Please allow all open records due to Jason L. Killebrew to allow granted relief due to classification & admission of all records of housing and so on forth. Officers stated incident and the color of justice & law within legal law investigation and pre-see motions within court matters.

He also states, "Grant relief by law judge & it's courts legal rights/matters, concerns life rules of original legal judge ordered response housing location incendent. Judges?!. Orders. Law enforcements action request of process to courts & others of." He further assets, "Defendant please deem & heed the jail specialist specified legal notice of K.C.P.C. & D.O.C. request to grieve the medical & health condition of judge ordered K.C.P.C. placement an incident of claim of records use of force. Stated, 'If Warranty' would?!."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Plaintiff fails to provide sufficient facts to support a claim. The allegations are too vague and conclusory to state a cause of action and fail to put Defendants on notice as to any claims against them.[1] Therefore, the Court must dismiss the action for failure to meet the notice-pleading standard of Rule 8 and for failure to state a claim upon which relief may be granted.

Date: August 24, 2021

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4415.010

---

[1] In its Memorandum and Order directing Plaintiff to file a fourth amended complaint, the Court ordered Plaintiff "to state specifically how he believes each Defendant violated his rights" (DN 32).

3